[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12397
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00383-ODE

SCOTT LEWIS,
SCOTT LUTHER,
LINDA JOHNSON,
SUSAN POWER,

Plaintiffs-Appellants,

versus

THE CITY OF KENNESAW, GEORGIA,

Defendant-Appellee,

MARK MATTHEWS, individually and in his
official capacity as Mayor, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 28, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

The City of Kennesaw, Georgia, has an Internet and Electronic Mail Acceptable Use Policy (the "Policy"). The Policy concerns the use of City-issued email accounts for inappropriate purposes, such as racial harassment. An employee who has sent or received five or fewer inappropriate emails and has substantially complied with the Policy is not subject to discipline. The City and its employees refer to this as the "more-than-five rule." Discipline of employees who have sent or received in excess of five inappropriate emails is determined based on a disciplinary matrix. The matrix differentiates between supervisory and non-supervisory employees and whether the employee sent or received an inappropriate email. Supervisors who send such emails are suspended without pay for five days. Supervisors who only receive such emails receive a one-day suspension without pay. Non-supervisory employees who send inappropriate emails receive a three-day suspension without pay, and those who receive an

2

inappropriate email are reprimanded.[1]

In 2009, three City employees brought a federal court action alleging that City email accounts were being used to send racially offensive emails. As a result of this lawsuit, the City received multiple Open Records Act requests seeking racially offensive email communications between employees. A systematic audit of employee emails revealed that twenty-three employees violated the Policy more than five times. Of these, twenty were white, two were black and one was Hispanic. One of the blacks received a three-day suspension without pay; the other black and the Hispanic were scheduled to receive discipline. They were on leave of absence at the time, however, and did not return to active employment with the City. The remaining employees, all white, were disciplined. Four of these employees (the "Plaintiffs"), are before us in this appeal. Susan Power, a supervisor, received a five-day suspension, Scott Lewis, a non-supervisory employee, a ten-day suspension,[2] Scott Luther, a non-supervisory employee, a three-day suspension, and Linda Johnson, a five-day suspension.

Plaintiffs brought this action for reverse employment discrimination under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 200e, *et seq*., 42

---

[1] The Policy authorized the City manager to impose discipline more stringent than that called for by the matrix where the violation of the Policy was egregious.

[2] The City manager suspended Lewis for 10 days because the majority of his emails were racially and sexually offensive, some of which were pornographic.

3

U.S.C. § 1981, and 42 U.S.C. § 1983 for denial of equal protection under the Fourteenth Amendment.  They alleged that, with respect to the discipline meted out for violating the Policy, they were treated less favorably than similarly situated employees outside their protected class.  The District Court, in ruling on the City's motion for summary judgment, disagreed and entered judgment for the City.  Plaintiffs now appeal that judgment.

We review a district court's grant of summary judgment *de novo*, drawing all factual inferences in a light most favorable to the non-moving party.  *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment should be awarded against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42

4

U.S.C. § 2000e-2(a)(1).  Section 1981 of Title 42 of the United States Code protects an individual's right to be free from discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(a), (b).  "[D]iscrimination claims . . . brought under the Equal Protection Clause [of the Fourteenth Amendment], 42 U.S.C. § 1981, or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, are subject to the same standards of proof and employ the same analytical framework."  *Bryant v. Jones*, 575 F.3d 1281, 1296 n.20 (11th Cir. 2009).

When, as here, a plaintiff uses circumstantial evidence in an attempt to prove discrimination under Title VII, we may apply the burden shifting approach articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  *Crawford v. Carroll*, 529 F.3d 961, 975-76 (11th Cir. 2008).  Under the *McDonnell Douglas* framework, a plaintiff has the initial burden to establish a *prima facie* case of discrimination, which creates a presumption that the employer discriminated against the plaintiff.  *Brooks v. Cnty Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006).  To establish a *prima facie* case of racial discrimination on the basis of disparate treatment, the plaintiff must show: (1) he is a member of a protected class; (2) he was subjected to an

5

adverse employment action; (3) his employer treated similarly situated employees more favorably; and (4) he was qualified to do the job. *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999). When a plaintiff alleges discriminatory discipline, the quantity and quality of the comparator's misconduct must be nearly identical to the plaintiff's. *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (quotation omitted).

"The *McDonnell Douglas* framework is not, however, the only way to use circumstantial evidence to survive a motion for summary judgment, and a plaintiff's failure to produce a comparator does not necessarily doom his case." *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1255 (11th Cir. 2012) (quotation and alteration omitted). "Rather, the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Smith v. Lockheed-Martin*, 644 F.3d 1321, 1328 (11th Cir. 2011). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quotation and footnote omitted).

In this case, as the District Court properly held, Plaintiffs failed to produce evidence of any similarly situated comparators. They also failed to present a "convincing mosaic of circumstantial evidence" of discrimination.

6

*Lockheed-Martin*, 644 F.3d at 1328.  It was entirely reasonable for the City to establish a threshold number of e-mails that would trigger discipline under the Policy; the audit conducted after the City received the Open Records Act requests was race neutral, and there was no compelling link between the race discrimination lawsuit filed against the City in 2009 and the discipline Plaintiffs received.  In sum, in the absence of either a similarly situated comparator or sufficient circumstantial evidence to support an inference of discrimination, the court properly found that Plaintiffs failed to establish a *prima facie* case of racial discrimination.

AFFIRMED.